UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>      Plaintiff,<br><br> v.<br><br>BETTOR INVESTMENTS, LLC, *et al.*,<br><br>      Defendants. | Case No. 3:19-cv-00429-MMD-CLB<br><br>ORDER |

  The Securities and Exchange Commission ("SEC") brought this action against Defendants Bettor Investments LLC ("Better")[1] and Matthew C. Stuart ("Stuart") (collectively "Defendants") for alleged violations of federal securities laws. (ECF No. 1.) The Court approved a consent judgment (the "Consent Judgment") between the parties that ordered "Defendants [to] pay a civil penalty in an amount to be determined by the Court upon motion of the [SEC]." (ECF No. 10 at 8.) Before the Court is the SEC's Motion and Memorandum of Law in Support of Civil Penalties (the "Motion") (ECF No. 11). Defendants had until October 21, 2019 to file a response. To date, they have not done so. For the reasons explained below, the Court grants the Motion.

  Although the SEC does not seek a specific penalty amount, the SEC requests that the Court award a third-tier civil penalty of at most $75,500,[2] based on allegations that

---

[1] Better has officially dissolved in July 2017. (ECF No. 11 at 4-5.)

[2] The Court ordered Defendants to pay disgorgement in the amount of $75,500. (ECF No. 10 at 6.) Under Section 20(d) of the Securities Act of 1993 and Section 21(d)(3) of the Securities Exchange Act of 1934, "[t]he amount of a third-tier penalty for each violation shall not exceed the greater of (i) $189,427 for a natural person (Defendant Stuart), (ii) $947,130 for any other person (Defendant Bettor), or (iii) the gross amount of pecuniary gain to the defendant as a result of the violation ($75,500)." (ECF No. 11 at 3.) *(fn. cont…)*

Defendants knowingly and repeatedly made material misrepresentations and omissions to investors that violated federal securities laws and inflicted substantial losses. (ECF No. 11 at 5-7.) However, as the SEC noted, the Court may determine "whether the penalty should be reduced due to the [Defendants'] demonstrated current and future financial condition." (ECF No. 11 at 4, 7-8 (citing to defendant's *S.E.C. v. Earthly Mineral Sols., Inc.*, No. 2:07-cv-1057 JCM LRL, 2011 WL 1103349, at *5 (D. Nev. Mar. 23, 2011)).) During an investigative testimony with the SEC, Defendant Stuart testified that he became destitute as a result of his misconduct, was evicted from his apartment, lived in his car for a time, and now pays $300 a month to reside in a friend's home in Idaho where he works as a poker dealer at a casino. (*Id.* at 7-8.) Taking into consideration Stuart's financial circumstances—balanced against the egregiousness of his misconduct—the Court finds that a civil penalty of $60,000 is sufficient "to punish [Defendant Stuart] and deter him and others from future securities violations." *Sec. & Exch. Comm'n v. Moore,* Case No. 215CV1865LDGGWF, 2017 WL 1404318, at *11 (D. Nev. Apr. 18, 2017) (collecting cases).

In light of the lack of any response to the Motion and because Defendants stipulated to the SEC's allegations as a condition of the Consent Judgment, the Court will grant the Motion pursuant to Local Rule 7-2(d) and impose a $60,000 civil penalty on Stuart. *See* LR 7-2(d) (providing that "failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney[s'] fees, constitutes a consent to the granting of the motion").

It is therefore ordered that the SEC's Motion and Memorandum of Law in Support of Civil Penalties (ECF No. 11) is granted.

///

///

---

*See* 15 U.S.C. §§ 77t(d), 78u(d). Accordingly, the $75,500 pecuniary gain is the maximum civil penalty that this Court can award.

It is further ordered that Matthew C. Stuart pay $60,000 in civil penalties.

It is further ordered that the Clerk enter judgment against Mathew C. Stuart in accordance with this order.

DATED THIS 27th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE